(35 Misc. Rep. 209.)

BARRY et al. v. WINKLE.

(City Court of New York, General Term. May, 1901.)

Costs—Short-Cause Calendar.

    Where a cause is put upon a short-cause calendar, and is not tried within an hour, and is therefore ordered to the general calendar, the trial court may impose costs for failing to complete the trial within the hour upon the parties putting the case on such calendar.

Appeal from trial term.

Action by Benjamin C. Barry and others against Adolph Winkle. From an order of the trial term for short causes ordering plaintiffs to pay $45 and costs, plaintiffs appeal. Affirmed.

Attorneys of the parties had stipulated that plaintiffs should move to put the case on the short-cause calendar, defendant waiving all costs arising from the denial of the motion or from the restoration of the cause to the general calendar, if not tried within the time allowed. Defendant's attorney thereafter withdrew the stipulation, and refused to be bound by it, though plaintiffs had noticed the motion.

Argued before FITZSIMONS, C. J., and DELEHANTY and SCHUCHMAN, JJ.

Bullowa & Bullowa (Ferdinand E. M. Bullowa, of counsel), for appellants.

Thomas M. Rowlette (John A. Straley, of counsel), for respondent.

PER CURIAM. There was no waiver of the costs in question by the defendant. The order appealed from, imposing $45 costs, was proper. The case was on the short-cause calendar, and upon its trial the parties hereto had the right to one hour. If, at the end of that time, the court deemed it proper, he might order the case upon the general calendar. The case did take over one hour to try, and, in pursuance of the power vested in him, the trial justice ordered it to the general calendar, and directed the plaintiffs to pay the defendant $45 costs for their failure to try the case in the time limited. The power of the court to impose reasonable costs in such instances has never, to our knowledge, been questioned. Even the plaintiffs' attorney concedes the power of the trial justice to do so. See stipulation in the case. The plaintiffs, in having this case placed on the short-cause calendar, thus giving them an earlier trial than other litigants, having issues of even date, were the recipients of a favor. Their failure to do as required by the order granting them such favor, to wit, to dispose of their case within one hour, created partly the disfavor of the court, which was properly expressed in this instance by the imposition of the costs in question, which were not unreasonable, or a violation of sound discretion. The order appealed from is affirmed, with costs.

Order affirmed, with costs.